WILLARD H. DAVIDSON, ADMINISTRATOR, APPELLEE, V. GRETNA STATE BANK ET AL., IMPLEADED WITH CHARLES W. KEY, APPELLANT.

FILED OCTOBER 5, 1899. No. 8,981.

1. Corporations: PAYMENT OF DEBT BY STOCKHOLDER: ACCOUNTING: CONTRIBUTION. Where a stockholder of a state bank advances his own funds to pay the debts of the bank in pursuance of an agreement of the stockholders that each should contribute in proportion to the number of shares of stock held by him, the advancing stockholder may maintain an action against the other stockholders for an accounting and contribution, without having first exhausted the assets of the bank.

2. Bill of Exceptions: OMISSIONS: REVIEW. Where a bill of exceptions discloses that important evidence introduced and considered has been omitted therefrom, the findings of the trial court on a question of fact will not be reviewed, even though the certificate of authentication may state that all the evidence is included in the bill.

3. Harmless Error. Error which is not prejudicial to the party complaining will not work a reversal.

APPEAL from the district court of Sarpy county. Heard below before SLABAUGH, J. *Affirmed.*

*Gregory, Day & Day,* for appellant.

*H. C. Lefler, Wright & Stout* and *John F. Stout, contra.*

NORVAL, J.

It appears from the pleadings in this cause that in 1889 the Gretna State Bank was incorporated under the

laws of this state, and that the bank subsequently be-
came insolvent, and a receiver was appointed by this
court to wind up its affairs, and pay its debts. At the
time it became insolvent its capital stock was $10,000,
all but about $500 of which had been paid up. The
stockholders were plaintiff's intestate, James Davidson,
the defendants Charles W. Key, William M. Saterfield,
Paul Boob, John Grabow and A. U. Hancock. Key
owned fifty-four shares, amounting to $5,400. On No-
vember 1, 1891, upon application of the stockholders Key,
Davidson, Saterfield and Boob, with the consent of the
creditors, the receiver was discharged, on the bank, as
principal, and the said stockholders, other than Hancock,
and one Ida D. Hancock, as sureties, entering into a bond
to the state in the sum of $50,000, conditioned that the
bank should within four months pay all of its indebted-
ness, and to hold all creditors harmless by reason of the
discharge of the receiver, and the turning of the assets
over to the bank. Thereupon Key was appointed by the
stockholders to take charge of the bank assets, and to
close up the business of the concern. He entered upon
the duties of the trust, and disposed of the property of
the bank, but failed to pay all of its debts. The peti-
tion of the plaintiff in the district court alleges the facts
already stated, and in addition thereto, in substance,
that, at the time the bank failed, plaintiff's intestate only
owned three of the one hundred shares of the capital
stock, and that Key owned fifty-four shares, Saterfield
five shares, and Boob two and one-half shares, and that
Hancock and Grabow were insolvent; that it was agreed,
at and prior to the giving of the said bond, between the
stockholders Key, Davidson, Saterfield and Boob, that
they would contribute to the payment of the debts of the
bank in proportion to the amount of the capital stock
then owned by them respectively, and that Davidson was
compelled to, and did, pay out of his own funds on said
indebtedness several thousand dollars over and above
his proportionate share. This suit was brought by the

administrator of Davidson's estate against the bank, Key and other stockholders, for an accounting and contribution. The bank and Key filed separate answers, alleging, *inter alia*, that James Davidson, deceased, while president of the bank, sold seventeen shares of stock at the par value of $17,000 to A. U. Hancock, who was the vice-president of the bank, and then indebted to it in the sum of $2,142, and received in payment for said shares a draft drawn by the bank upon the First National Bank of Omaha, and the amount thereof was charged as an indebtedness of Hancock to the Gretna State Bank; and that said sale was in fraud of the creditors and other stockholders of said bank. Key in his answer also set up a claim of several thousand dollars for services alleged to have been rendered by him in settling the affairs of the bank. The averments in these answers were controverted by the reply of the plaintiff. Upon the trial the court found that the solvent stockholders who executed the bond heretofore mentioned had contributed to the payment of the debts of the bank as follows: Charles W. Key, $1,510.79; W. M. Saterfield, $1,184.33; Paul Boob, $592.16; and James Davidson, $9,387.39; that the latter had contributed $8,496.42 more than his proportionate share of the bank debts, and that Saterfield and Boob had each paid their proportion of such debts; that Hancock and Grabow, two of the stockholders, were insolvent, and that Davidson was entitled to contribution from Key for the amount of excess which the former had paid over and above his proportionate share, to-wit, the sum of $8,496.42, that being the amount which it was found that Key had paid less than his proportion. A judgment for said amount was rendered against him in favor of the plaintiff. Key has prosecuted this appeal.

The first argument advanced for a reversal is that this suit could not be maintained by the plaintiff, and *Farmers Loan & Trust Co. v. Funk*, 49 Nebr., 353, and *State v. German Savings Bank*, 50 Nebr., 734, are cited to sustain the contention. Those decisions are not in point, as the

9

present suit was not instituted by a creditor of the bank to enforce the constitutional liability imposed upon stockholders of state banks, but for an accounting between the stockholders, and to enforce contribution for moneys advanced to pay bank debts in pursuance of an agreement entered into between the stockholders. The suit was properly brought.

It is also urged that the findings of the trial court are contrary to the evidence. This question can not be presented because all the testimony adduced on the trial is not embraced in the bill of exceptions. That document discloses that several exhibits introduced on the trial are not incorporated in the bill, and with this condition of the record we are precluded from considering the evidence to ascertain if it justified the findings of the trial court. See *Missouri P. R. Co. v. Hays*, 15 Nebr., 231; *Chamberlain v. Brown*, 25 Nebr., 434; *Greene v. Greene*, 49 Nebr., 546; *Alling v. Fisher*, 55 Nebr., 239.

We quite agree with counsel for appellant that the trial court committed an error in making its computation of the amount of recovery, as the findings of fact disclose. The holders of sixty-four and one-half shares were solvent, Key owned fifty-four shares and Davidson three shares. The indebtedness of the bank was found to be $12,674.67, which was equivalent to $196.50⅔ per share. Key's portion was $10,611.36, of which he paid $1,510.79, leaving a balance of $9,100.57. Davidson's proportion of the indebtedness was $589.52, which sum deducted from $9,387.39, the amount found by the court to have been paid by him, leaves $8,797.87, to be recovered from the other solvent stockholders. It appears from the findings that Saterfield and Boob, the other two solvent stockholders, had each overpaid their proportionate share, so that plaintiff was entitled to receive from Key $8,797.87, instead of $8,496.42, for which last-named sum judgment was rendered in the trial court. Appellant can not complain of this error, as it is in his favor, and plaintiff has not appealed.

AFFIRMED.